1

2

3

4                       **UNITED STATES DISTRICT COURT**

5                             **DISTRICT OF NEVADA**

6

7    CAMERON MOSS,                          )
                                            )
8                       Plaintiff,          )     Case No. 2:15-cv-01337-JAD-GWF
                                            )
9    vs.                                    )     **ORDER**
                                            )
10   FEDEX GROUP PACKAGE SYSTEM, INC.,      )
     *et al*.,                              )
11                                          )
                        Defendants.         )
12   _____   )

13        This matter is before the Court on Plaintiff's First Motion to Compel (#39) filed on March

14   22, 2016.  Defendant filed its Response (#51) on April 15, 2016.  Plaintiff did not file a reply.  The

15   Court conducted a hearing in this matter on May 9, 2016.

16                               **BACKGROUND**

17        This actions concerns a motor vehicle accident that occurred on June 21, 2013 on Interstate

18   80 in Elko County, Nevada.  Plaintiff Cameron Moss was riding as a passenger in a tractor-trailer

19   operated by James Scott.  Plaintiff and Mr. Scott were employed by Eugene Trucking, Inc.  The

20   tractor was towing a trailer belonging to Defendant FedEx Group Package System, Inc. which had

21   been loaded by FedEx's employees at a shipping center in Salt Lake City, Utah.  At the time of the

22   accident, Plaintiff was asleep in the tractor's "sleeper berth." *Complaint (#1-2), pg. 4*, ¶ 20.  Plaintiff

23   alleges that "[w]hile driving the Eugene Trucking tractor with attached FEDEX trailer, non-party

24   Scott negligently steered the vehicle off the roadway and into an embankment.  Scott negligently

25   misjudged the depth of the embankment causing the vehicle to overturn into a drainage ditch." *Id.*, ¶

26   21.  Although not pled in the complaint, Plaintiff has since developed the theory that the FedEx

27   trailer was improperly loaded which made the tractor-trailer more susceptible to roll-over and

28   therefore contributed to the cause of the accident.

1    By the time of the hearing, some of the issues raised in Plaintiff's motion to compel had been

2    resolved.  Other issues, including Defendant's inability to produce documents showing the weight of

3    the trailer on June 21, 2013, have morphed into Plaintiff's oral request for sanctions based on

4    Defendant's alleged failure to preserve relevant information.  The Court took certain matters under

5    submission pending the Defendant's further efforts to locate and produce relevant documents.  The

6    Court also directed that Plaintiff file a supplemental motion regarding its request for sanctions.

7    One issue that is ripe for decision concerns a redacted paragraph in an email communication

8    sent by FedEx's Liability Claims manager to FedEx Ground Risk Management on June 24, 2013.

9    Defendant has provided the unredacted email to the Court for *in camera* review.  The email quoted a

10   news article that described the accident.  The redacted paragraph contains a brief discussion of what

11   actions should be taken to investigate the cause of the accident.[1]  Defendant also provided the Court

12   with a June 26, 2013 "First Report" prepared by FedEx's independent claims adjustor regarding his

13   initial inspection of the accident scene on June 21, 2013; the independent claims adjustor's "Second

14   Report," dated July 17, 2013, which enclosed a copy of the police report; a May 5, 2014 letter from

15   Mr. Moss's attorney to an insurance carrier notifying it that the attorney represented Mr. Moss with

16   respect to his claim for damages; and the insurance company's response letter advising Mr. Moss's

17   attorney that the claim was being handled by the FedEx Ground Risk Management Department.

18   Defendant asserts that the redacted paragraph is protected from discovery by the work-product

19   doctrine.  Plaintiff disputes application of the doctrine on the grounds that FedEx was not in

20   "anticipation of litigation" at the time the email was sent.

21   In *Smith v. Marten Transport, Ltd.*, 2010 WL 5313537 (D.Colo. December 17, 2010), the

22   court addressed application of the work product doctrine with respect to substantially similar

23   communications and circumstances.  The court stated:

24       Of particular importance to this case, Rule 26(b)(3) does not protect
         from discovery materials prepared in the ordinary course of business.
25       *Weitzman v. Blazing Pedals, Inc.*, 151 F.R.D. 125, 126 (D.Colo. 1993).

26

27       [1]The Court will not set forth the substance of the redacted paragraph pending a final determination of its
         discoverability.

28

Thus, to sustain a claim of work product immunity, the party resisting discovery must demonstrate that the documents at issue were prepared in anticipation of litigation by or for [the party] or by or for [the party's] representative." *Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D.Okla. 2000); *accord Pepsico, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002) ("[i]n order to protect work product, the party seeking protection must show the materials were prepared in anticipation of litigation because of the prospect of litigation").

The court stated that as a result of the accident involving its vehicle, the trucking company recognized that there would be damage claims by third parties and that it was obligated to investigate the accident in order to determine whether it would admit or deny fault and/or liability. The need to conduct an investigation did not, however, instantly transform the investigative materials into materials created in anticipation of litigation. The court stated that "[i]t simply does not follow that there will be a need for actual litigation of any one or more potential claims. Often cases such as this are simply resolved by negotiation over a payment to be made to innocent third parties involved in the accident. In fact this is the bread-and-butter work of insurance companies." *Id.*, at *2. The court noted that investigations are part of the normal business activity of an insurance company and that reports resulting from such investigations are treated as ordinary business records. *Id.,* at *5, n. 2. The court further stated that "[w]hen a company is self-insured and it alone is evaluating the accident in the beginning, the company is simply acting as any insurance company would and is not 'anticipating litigation' any more than anyone involved in any transaction or event with other persons may 'anticipate litigation.'" *Id.*, at *3. *See also Laws v. Stevens Transport, Inc.*, 2013 WL 941435, *5 (S.D.Ohio March 8, 2013) (citing *Smith* with approval).

*Smith v. Marten Transport, Ltd.* is instructive with respect to the redacted paragraph in the June 24, 2013 email. The email was prepared and sent as part of FedEx Risk Management Department's initial investigation of an accident involving its trailer. At that point, FedEx was not in anticipation of litigation and the work-product doctrine does not apply. Accordingly,

. . .

. . .

. . .

. . .

3

1    **IT IS HEREBY ORDERED** that Plaintiff's First Motion to Compel (#39) is **granted**, in

2   part, with respect to the June 24, 2013 email and Defendant is hereby ordered to produce the

3   unredacted email to Plaintiff.   The remaining issues in Plaintiff's motion will be addressed after

4   supplemental briefing is completed.

5        DATED this 13th day of May, 2016.

6

7   _____
    GEORGE FOLEY, JR.

8   United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28